IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

    Plaintiff,                       No. 2:12-cv-2155 MCE GGH P

    vs.

EDMUND F. BRENNAN, et al.,

    Defendants.              <u>ORDER</u>

                            /

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff alleges that defendants, all of whom are either judges or clerks of the United States District Court for the Eastern District of California, have conspired with each other to deny plaintiff her rights to sue and to criminally prosecute prison officials.[1] Plaintiff alleges that defendants have also aided and abetted prison officials who are poisoning plaintiff. Plaintiff, who is a transsexual, further alleges that defendants have discriminated against plaintiff.

---

[1] Plaintiff does not name the undersigned as a defendant in the action, but does identify the undersigned as a co-conspirator of the named defendants.

1

Plaintiff seeks unspecified injunctive and declaratory relief, and also requests criminal charges be made against defendants officially and individually.

Although plaintiff has filed an application to proceed in forma pauperis, the application is incomplete, because plaintiff has not submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).

### Three Strikes

28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).

This action may be barred by 28 U.S.C. § 1915(g). A review of court records reflects that, on February 6, 2012, this court revoked plaintiff's in forma pauperis status after finding that plaintiff had suffered three strikes for purposes of section 1915(g). See Williams v. Gomez et al., 2:11-cv-0426 GEB EFB P, Doc. Nos. 40, 45. The court additionally found that plaintiff's allegations of serious physical injury – namely, that prison officials were poisoning her food and not providing her with HIV medication – were not plausible and did not support application of the imminent danger exception. See id., Doc. 40 at 3. But see Williams v.

Gomez, U.S. Court of Appeals for the Ninth Circuit Case No. 12-15376, Doc. No. 9 (order filed June 12, 2012 granting appellant/plaintiff's motion to proceed in forma pauperis on appeal of district court's order granting appellees/defendants' motion to revoke in forma pauperis status).

A further review of court records reflects that plaintiff has filed at least three other civil rights actions in this court that have been dismissed for failure to state a claim. See Williams v. California State Prison - Corcoran, CV-F-99-6612-OWW-SMS-P, Doc. No. 13 (Judgment entered Jan. 31, 2000, dismissing complaint without prejudice for failure to state a claim); Williams v. D. Lopez, CV-F-99-6648-REC-SMS-P, Doc. No. 7 (Judgment entered Jan. 31, 2000, dismissing complaint without leave to amend for failure to state a claim); Williams v. Board of Prison Terms, CV-F-01-5526 AWI-HGB-P, Doc. No. 25 (Judgment entered December 20, 2001, dismissing complaint without leave to amend for failure to state a claim).

In this case, plaintiff appears to anticipate the court's Three Strikes analysis, and alleges that she is under imminent danger of serious physical injury because her food is being poisoned. Notably, plaintiff does not allege that any of the defendants are poisoning her food, and otherwise fails to allege how prosecution of the claims raised in this particular complaint will resolve the imminent danger.

Section 1915(g) does not explicitly read that the imminent physical danger alleged in order to overcome section 1915(g)'s bar must also be the subject of the complaint. However, at least one circuit court has determined that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in the complaint. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." Id. at 298-99 (emphases in original).

\\\\\

As noted above, plaintiff's legal claims do not currently appear to establish a nexus between the imminent danger alleged and the unlawful conduct asserted in the complaint. The action may therefore be barred by application of 28 U.S.C. § 1915(g), and plaintiff will be given an opportunity to show cause why the action should not be dismissed.

### The Action is Frivolous

In addition, the current action is frivolous and fails to state a claim upon which relief can be granted. Specifically, plaintiff alleges that the defendant judges and court clerks conspired with each other and with prison officials to deny plaintiff's rights to sue prison officials. Plaintiff alleges that defendants have also falsified court documents and have discriminated against her because she is a transsexual. As damages, plaintiff seeks injunctive and declarative relief, as well as money damages and costs.

The current allegations are insufficient to state a claim for relief. A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, plaintiff fails to articulate how defendants have conspired with prison officials, or provide the court with anything other than conclusory statements which fail to detail any basis on which defendants could be liable.

\\\\\

Moreover, each of the defendants named by plaintiff is a judicial officer or clerk who is apparently named on account of his or her performance of her duties as either a judge or clerk. Judges enjoy absolute immunity for their decisions. E.g., Stump v. Sparkman, 435 U.S. 349, 355, 98 S.Ct. 1099, 1104 (1978). Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. Mullis v. U.S. Bankruptcy Court for the Dist. Of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979). Although, as noted above, it is not entirely clear what the factual basis for plaintiff's claims is, it appears that she seeks relief on account of defendant's handling of her prior cases. If so, then defendants would appear to be entitled to absolute immunity.

Accordingly, IT IS ORDERED that:

1. Plaintiff, within thirty days, must show cause why she should not be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in this action;

2. If plaintiff elects to show cause, she must submit, within thirty days from the date of this order (1) a completed affidavit in support of her request to proceed in forma pauperis on the form provided by the Clerk of Court; and (2) a certified copy of her prison trust account statement for the six month period immediately preceding the filing of the complaint;

3. In the alternative, plaintiff must submit the entire filing fee of $350.00, within twenty-eight days of the date of this order.

4. Failure to comply with this order will result in dismissal of this action.

DATED: October 1, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:rb
will2155.3strikes