IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS, JR.,

    Plaintiff,    No. 2:12-cv-2155 KJM AC P

  vs.

EDMUND F. BRENNAN, et al.,

    Defendants.    <u>AMENDED</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

        /

        Plaintiff, a state prisoner, proceeds pro se in this civil action filed pursuant to 42 U.S.C. § 1983.[1]  In her complaint, plaintiff names as defendants six judges and one deputy clerk of the United States District Court for the Eastern District of California.  Plaintiff alleges, among other things, that defendants aided and abetted prison officials who are poisoning plaintiff; that defendants have interfered with plaintiff's rights to sue and to prosecute the prison officials; and that defendants have discriminated against plaintiff, a transsexual, by using the name "Lonnie

---

[1] Plaintiff describes the complaint as a criminal action brought pursuant to 42 U.S.C. § 1983.  <u>See</u>, <u>e.g.</u>, ECF No. 11 at 2.

1

1  Clark Williams, Jr." rather than "[Ms.] Lonnie Williams."[2]

2  On October 1, 2012, the court ordered plaintiff to show cause why she should not
3  be barred, pursuant to 28 U.S.C. § 1915(g), from proceeding in forma pauperis in this action.
4  See ECF No. 6.  In the October 1, 2012 order, the court noted that: (1) plaintiff appeared to be
5  barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g), the Three Strikes Rule; (2)
6  plaintiff's allegations of imminent danger did not appear to establish a nexus between the
7  imminent danger alleged and the unlawful conduct asserted in the complaint; (3) plaintiff's
8  allegations of conspiracy between defendants and prison officials were vague and conclusory;
9  and (4) the action was frivolous, as all defendants appeared to be entitled to absolute judicial
10 immunity.  See id.

11 Plaintiff has now responded to the order to show cause.  See ECF No. 11.  She
12 has additionally filed another motion to proceed in forma pauperis (ECF No. 7), a motion to
13 appoint counsel (ECF No. 13), and a motion for a preliminary injunction and for arrest of each
14 defendant by the United States Marshall (ECF No. 12).  In her response to the order to show
15 cause, plaintiff moves that Magistrate Judge Hollows and District Judge England recuse
16 themselves from this action.  See ECF No. 11 at 12.

17 Before turning to any of plaintiff's other, pending requests, the court will first
18 address plaintiff's request that Judge England and Magistrate Judge Hollows recuse themselves.
19 Plaintiff is advised that on November 20, 2012, this matter was reassigned from Magistrate
20 Judge Hollows to Magistrate Judge Claire.  See ECF No. 10.  Magistrate Judge Claire is not
21 named as a party to this action.  District Judge England, who was randomly assigned as the
22 presiding judge for this action, is named as a defendant to this action.  See ECF No. 5.  On
23 January 24, 2013, this matter was reassigned from District Judge England to District Judge

---

[2] The complaint states the plaintiff's name as "Ms. Lonnie Williams."  The Clerk's Office apparently followed its usual procedure of docketing the case in relation to an existing party profile linked to plaintiff's CDCR inmate number.  The name entered in the party profile is "Lonnie Clark Williams, Jr."

2

Mueller. See ECF No. 14. District Judge Mueller is not named as a party to this action. Accordingly, plaintiff's requests for recusal are moot.

*Three Strikes Rule*

Section 1915(g) does not explicitly state that the imminent physical danger alleged in order to overcome section 1915(g)'s bar must also be the subject of the complaint. However, at least one circuit court has determined that there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in the complaint. See Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury. The three-strikes litigant must meet both requirements in order to proceed IFP." Id. at 298-99 (emphases in original).

In this case, plaintiff appears to allege that defendants have conspired with each other and with prison officials to deny plaintiff the ability to sue prison officials for violation of plaintiff's civil rights. Plaintiff appears to allege that this conspiracy has placed plaintiff in imminent danger because it resulted in prison officials continuing to poison her "with arsenic, toxins, poisons, biological agents, bacterias in her foods, daily, causing serious physical injuries to the plaintiff . . . ." See ECF No. 11 at 4. Defendants' involvement in the conspiracy is alleged in vague and conclusory terms that are facially insufficient to support liability. Even assuming for purposes of this order that plaintiff's allegations regarding poisoning are true, relief in this action would not redress the alleged injury. See Pettus v. Morgenthau, 554 F.3d at 299. Plaintiff's allegations regarding the conduct of the judiciary defendants are too attenuated from the alleged poisoning for the threat of imminent danger to be fairly traceable to the wrongs asserted here. Id.

The undersigned therefore recommends that the court find that plaintiff has not

qualified to proceed under the imminent danger exception, and that her applications to proceed in forma pauperis be denied.

*Motion for Preliminary Injunction and for Arrest of Defendants*

Plaintiff also moves for an order directing the United States Marshall to arrest all defendants, apparently for defendants' alleged violations of 18 U.S.C. § 242. See ECF No. 12. This motion is without merit for two reasons, either of which independently supports denial of the motion.

First and most fundamentally, plaintiff cannot initiate or obtain the initiation of criminal prosecutions in a civil action brought pursuant to 42 U.S.C. § 1983. That statute provides a civil remedy for certain constitutional violations. Arrest and prosecution of wrongdoers is not a remedy available in a civil action, and may not be ordered by injunction in a civil case. 18 U.S.C. § 242 makes some civil rights violations federal crimes. Violations of this criminal statute must be prosecuted by the Department of Justice; the statute creates no private cause of action.

Second, even if plaintiff has standing to raise criminal allegations against the defendants under 18 U.S.C. § 242, she has wholly failed to allege facts sufficient to support injunctive relief. The standards governing the issuance of temporary restraining orders are "substantially identical" to those governing the issuance of preliminary injunctions. Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Therefore, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (*quoting* Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008)). A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the

1  Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32

2  (9th Cir. 2011).  A TRO is "an extraordinary remedy that may only be awarded upon a clear

3  showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22, 129 S. Ct. at 376.

4  The Ninth Circuit has reiterated that under either formulation of the principles, if

5  the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (*quoting* Martin v. International Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

Plaintiff has not met this burden.  The complaint does not allege facts that would constitute violations of 18 U.S.C. § 242 or of any constitutional right by the defendants.  Plaintiff presents only vague and conclusory allegations that defendants disregard her constitutional right to sue prison officials, which somehow results in plaintiff being poisoned by the prison officials. Accordingly, the undersigned recommends that the request for a TRO and/or preliminary injunction be denied.

*Plaintiff's Motion for Appointment of Counsel*

Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

5

appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

As noted above and in the Court's October 1, 2012 order, plaintiff is a frequent litigator in this and other courts, and has made no showing of a likelihood of success on the merits. Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2 and 7) be denied for the reasons set forth above and plaintiff be directed to pay the filing fee in full within twenty eight (28) days, if these findings and recommendation are adopted, failing which the case be ordered dismissed; and

2. Plaintiff's motion for injunctive relief (ECF No. 12) be denied;

3. Plaintiff's motion for the appointment of counsel be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

////

////

6

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
will2155.fr